UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| O.E., BY AND THROUGH HIS PARENTS, C.E. AND C.E. | CIVIL ACTION |
| VERSUS | NO. 25-1054 |
| ADVOCATES FOR ARTS-BASED EDUCATION CORPORATION, D/B/A THE WILLOW SCHOOL | SECTION "P"(5) |

## ORDER AND REASONS

Before the Court are two motions – a Motion for Protective Order filed by Defendant ("Willow") (rec doc. 48) and a Motion to Disregard New Arguments Raised for the First Time in Willow's Reply. (Rec. doc. 52). Plaintiff filed an opposition to the motion for protective order (rec. doc. 50), and Willow filed a reply. (Rec. doc. 51). The Court held oral argument on the motion for protective order and took that matter under advisement. Plaintiff's motion was filed the night before that hearing and is not set for submission until November 19, 2025. Nonetheless, the Court will address that motion in this Order and Reasons.

In its motion, Willow seeks a protective order directed at a Rule 30(b)(6) deposition notice issued by Plaintiff's counsel. This entire dispute revolves around a communication (it appears to be an email) that was provided by an unknown person to someone at Willow, who eventually forwarded it to Willow's counsel. Upon reading the opening lines, counsel states that she took the email to be a possibly privileged communication and immediately provided the document to Plaintiff's counsel, destroyed the original, and deleted the attachment from her email. (Rec. doc. 48-1 at 2). Plaintiff's counsel thereafter emailed Defense counsel, asking her to confirm that she had not read beyond the first sentence and adding "please find out

who gave this document to Willow so that I may take appropriate measures." (Rec. doc. 48-5).

When counsel declined to identify the provider of the document, Plaintiff's counsel sent written discovery requests to Willow, seeking the same information. (Rec. doc. 48-6). Willow objected to identifying the person who provided the document toit. (Rec. doc. 48-7). Rather than file a motion to compel a response to the written requests, Plaintiff's counsel then made what the Court perceives was a strategic decision – on October 2, 2025, he unilaterally issued a Rule 30(b)(6) deposition notice of Willow. (Rec doc. 48-9). It is undisputed that he set the deposition 14 days after issuance of the notice, October 16, 2025. The present motion followed.

The deposition notice seeks a witness to testify about a single, discrete topic:

> How Willow's CEO and/or other administrative official(s) came to possess an attorney-client privileged email sent from Chris Edmunds on June 2, 2025, attached herein as Exhibit A, including (a) the identify the person(s) who "put" this email "into the possession" of Willow; (b) the date when Willow received this email; and (c) any other circumstances surrounding Willow's receipt of this email.

(Rec. doc. 48-9). Very clearly, Plaintiff's counsel wishes to identify the member of his professional network or forum who betrayed his confidences by sending his strategy memo to Willow. The question is whether that is a permissible topic for a single-issue deposition in this case. It is not.

It seems that, at some point during or shortly before this litigation began, Plaintiff's counsel used email or a text message to communicate with an unidentified group of people

2

about certain strategies he intended to employ in this litigation.[1] At the hearing on the motion, counsel described this group as a group of like-minded disability attorneys who agreed by contract to keep such communications private.[2] That agreement was apparently breached by the person who shared counsel's strategy memo with Willow, and counsel now wants very much to know who that person is.

Willow makes one overarching argument in support of its motion – that the information sought via the sole topic in the deposition notice is irrelevant to any claim or defense in the case. Plaintiff's counsel essentially makes three arguments as to why he should be allowed to depose on that topic.

First, he argues that

> Willow's contention that the requested evidence is "irrelevant" is frivolous. Willow concedes that the email is relevant, doc. 48-1 at 7, and the "identity" of people with knowledge of relevant facts is "deeply entrenched" in federal practice, *see Hammette v. Ochsner Clinic Found.*, No. CV 25-914, 2025 WL 2841714, at *3 (E.D. La. Oct. 7, 2025).

(Rec. doc. 50).

There are a number of problems bound up in this statement, first and foremost of which is that the "requested evidence," the identity of the person who shared the strategy email with Willow, is, in fact, irrelevant to the claims and defenses in this case. The subject document was created by Plaintiff's counsel and consists of his own thoughts and litigation strategy. It was delivered by one of his (presumed) colleagues to Willow, who gave it to its

---

[1] Plaintiff's counsel attached the document to the deposition notice, and it is now in the record. (Rec. doc. 48-9). While counsel claims this was a privileged communication, the Court need not address that contention, as counsel conceded that he waived any privilege by attaching the document to the deposition notice.

[2] Such groups are colloquially known as "LISTSERVs" and are, in the Court's experience, somewhat common in the legal profession.

counsel, who in turn immediately returned it to Plaintiff's counsel. The identity of the person who shared with Willow this ultimately-returned document setting forth counsel's own mental impressions is not conceivably connected to the claims and defense in the case.

Secondly, counsel is wrong that Willow "concedes that the email is relevant." Rather, in its motion, Willow stated that the "substance of the email sent by Chris Edmunds *may* contain relevant information to the case, but the identity of the individual who gave that correspondence to Willow is absolutely irrelevant to Plaintiff's claims." (Rec. doc. 48-1). This is not a concession that the document is, in fact, relevant. And the Court cannot agree that even the substance of this document is relevant to any claim or defense in the case when that substance consists entirely of counsel's own mental impressions and litigation strategy.

Finally, counsel's suggestion that, because the document is relevant and because "the 'identity' of people with knowledge of relevant facts is 'deeply entrenched' in federal practice," the identity of the person who shared it must be relevant is stretching the rules far beyond reasonableness. (Rec. doc. 50). Under this rubric, every single person on counsel's LISTSERV who received his strategy email should be identified <u>by him</u> as a person with knowledge of relevant facts under Rule 26. Without belaboring the point, this would be an absurd extension of Rule 26's requirements.

Counsel's next argument is that "even assuming the requested evidence were irrelevant, '[i]rrelevance is not a proper basis for the court to issue a protective order.'" (*Id.*). In other words, "the Court must allow me to depose a corporate representative about an irrelevant topic because this is a motion for protective order rather than, say, a motion to compel." While this concept may be true in a vacuum, we are not in a vacuum.

4

First, it is clear to the Court that counsel intentionally elected this strategy – forcing the issue into the framework of a motion for protective order rather than a motion to compel – to create just this argument.  He did issue written discovery seeking the same information and, when Willow did not respond with the information he sought, rather than file a motion to compel, he unilaterally noticed the Rule 30(b)(6) deposition without consulting opposing counsel for dates.  Leaving aside that this unilateral conduct is unprofessional,[3] it forced Willow into filing a motion for protective order, thereby arming Plaintiff's counsel with the argument that "[i]rrelevance is not a proper basis for the court to issue a protective order." (*Id.*).

The Court need not consider whether to reward this tactic because, as Willow correctly pointed out in its motion, a protective order is properly granted to prevent, among other things, oppression or undue burden.  *See* Fed. R. Civ. P 26.  The Court easily finds that requiring a litigant to identify a Rule 30(b)(6) deponent, prepare that deponent, and attend a deposition for the *sole* purpose of testifying about an irrelevant topic is a textbook example of an undue burden.

The topic is irrelevant to any claim or defense in this case, the requested discovery via Rule 30 is disproportionate to the needs of the case, and requiring Willow to sit for a single-

---

[3] Counsel was previously admonished that this was improper litigation conduct:
> Contrary to plaintiff's counsel's suggestions, it is unprofessional to unilaterally set the deposition of a party represented by counsel without making *any prior attempt* to find a mutually convenient date. This is not the only court to hold that to be the case.

*B.K. by & through K.K. v. St. Catherine of Siena Sch.*, No. CV 21-1339, 2022 WL 3027838, at *3 (E.D. La. Aug. 1, 2022) (emphasis added).  Counsel argued at the hearing that this case was different because, here, *after unilaterally issuing the notice* for October 16, 2025, he offered to conduct the deposition on a different date in October.  As he had not discussed a deposition of any kind on any date prior to issuing the notice, he acted unilaterally – that's what "unilaterally" means.

issue deposition, when that issue is not an issue at all, presents an undue burden. For these reasons, the motion for protective order is **GRANTED.**

As for the "Motion to Disregard New Arguments Raised for the First Time in Willow's Reply," filed by Plaintiff the night before oral argument, that motion is **DENIED AS MOOT**. The Court notes here that filing such a motion is self-defeating, as it had to be set weeks *after* the motion for protective order that was being heard the next day. As the Court noted at the hearing, any suggestion that Willow's argument should be limited or that the Court should disregard all or part of its reply memorandum should have been accomplished through a motion for leave to file a sur-reply or, more easily, through argument at the hearing. Trying to accomplish those objectives through a motion that was not to be submitted until weeks after the hearing was a fruitless exercise.

New Orleans, Louisiana, this 6th day of November, 2025.

>MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE